```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

STANLEY L. NIBLACK,              :
                                 :   Civil Action No. 09-428 (RBK)
            Plaintiff,           :
                                 :
                                 :
       v.                        :   ORDER
                                 :
CHARLES ALBINO, et al.,          :
                                 :
            Defendants.          :
```

For the reasons expressed in the Court's Opinion filed herewith,

It is on this   10th   day of   August  , 2009,

ORDERED that, pursuant to 28 U.S.C. § 1915(a) and (b), the application by plaintiff to proceed in forma pauperis is hereby granted; and it is further

ORDERED that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Order by regular mail on the Attorney General of the State of New Jersey and on the Warden at the Northern State Prison; and it is further

ORDERED that plaintiff is assessed a filing fee of $350.00 which shall be deducted from plaintiff's prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 fee is paid, each month that the amount in plaintiff's prison account exceeds $10.00, the agency having custody of plaintiff shall assess, deduct from his account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to plaintiff's prison account, with each payment referencing the civil docket number of this action; and it is further

ORDERED that plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE, in its entirety as to the named defendants, George Hayman, Commissioner of the New Jersey Department of Corrections, and Jon Corzine, Governor of New Jersey, for failure to state a claim upon which relief may be granted at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and it is further

ORDERED that plaintiff's claim against defendants, Sgt./Lt. John Doe, Sgt. Lewis, Officer R. Smith, Officer Weinstein, officer J. Camp, Nurse Michelle, and Officer Henry, in which he asserts harassment in violation of the Eighth Amendment is DISMISSED WITH PREJUDICE, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and it is further

ORDERED that plaintiff's claim against defendants, Grace Rogers, Dunlap pryor, Larry Glover, and Robert Patterson, in which he asserts that his classification score is erroneous, is

DISMISSED WITH PREJUDICE, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and it is further

ORDERED that plaintiff's retaliation claim against the remaining defendants, Charles Albino, Officer Ott, and Officer Labonne, SHALL PROCEED at this time; and it is further

ORDERED that the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the Complaint, summons, and this Order upon the remaining defendants, pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

ORDERED that the remaining defendants shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 454 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel (in this regard, plaintiff is advised that such appointment is not automatic); and it is further

ORDERED that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is finally

ORDERED that, if at any time plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with plaintiff's Application for Pro Bono Counsel.

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge