**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| STANLEY L. NIBLACK, Plaintiff, | : | Civil Action No. 09-428 (RBK) |
| v. | : | **OPINION** |
| CHARLES ALBINO, et al., Defendants. | : | |

**APPEARANCES:**

STANLEY L. NIBLACK, Plaintiff pro se
204 Stevenson Avenue
Edgewater Park, New Jersey 08010

DANIEL MICHAEL VANNELLA, ESQ.
NEW JERSEY DIVISION OF LAW
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625
Counsel for Defendants

**KUGLER**, District Judge

THIS MATTER comes before the Court on the motion (Docket entry no. 16) of defendants, Charles Albino, Officer Labonne, and Officer Ott, for an Order dismissing Plaintiff's claims against these defendants in their official capacities, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff filed an opposition letter to defendants' motion on or about February 1, 2010. (Docket entry no. 31). Defendant's filed a reply brief in support of their motion on February 16, 2010. (Docket entry no. 32). This matter is being considered on the papers pursuant to Fed.R.Civ.P.

78. For the reasons set forth below, defendants' motion is granted.

## I. BACKGROUND

On or about January 30, 2009, plaintiff, Stanley L. Niblack ("Niblack"), filed a civil rights Complaint, pursuant to 42 U.S.C. § 1983, against the following defendants: Charles Albino, Administrator of the Southern State Correctional Facility ("SSCF"); George Hayman, Commissioner of the New Jersey Department of Corrections ("NJDOC"); Governor Jon Corzine; Sgt. Lewis; Officer R. Smith; Officer Weinstein; Officer Ott; Officer Labonne; Officer J. Camp; Officer Henry; Nurse Michelle; and Sgt./Lt. John Doe, all employed at the SSCF. (Complaint, Caption, ¶¶ 1-12). On or about March 20, 2009, Niblack filed an amended Complaint naming additional defendants as follows: Grace Rogers, Administrator at Central Reception and Assignment Facility ("CRAF"); Dunlap Pryor, Administrator at CRAF; Larry Glover, Administrator at Northern State Prison ("NSP"); and Robert Paterson, Director, NJDOC Division of Operations.

Niblack essentially brought this action to correct his prison classification score. He alleged that the incorrect classification score had caused him to lose parole status. This claim was dismissed in an Opinion and Order issued by this Court on August 10, 2009. (Docket entry nos. 4 and 5). The Complaint also alleged claims of harassment by defendants Nurse Michelle,

Officers Henry, Weinstein, Smith and Camp, and Sgt./Lt. John Doe. The Court found that Niblack's allegations amounted to mere verbal harassment that was insufficient to state a cognizable claim under the Eighth Amendment. Accordingly, the Complaint was dismissed in its entirety as against these defendants, by this Court's August 10, 2009 Opinion and Order. The Complaint also was dismissed as against defendants Governor Corzine and New Jersey Department of Corrections ("NJDOC") Commissioner Hayman, in the same August 10, 2009 Opinion and Order, because there were no allegations to show that these supervisory officials had any personal involvement or knowledge of the alleged wrongful conduct by the other defendants. However, the Court did allow the Complaint to proceed against defendants, Charles Albino, Officer Labonne and Officer Ott with respect to a claim of retaliation. (See August 10, 2009 Opinion, at pp. 14-18, Docket entry no. 4).[1]

On December 22, 2009, the remaining defendants, Albino, Labonne and Ott, filed a motion to partially dismiss the Complaint against them in their official capacities, pursuant to Fed.R.Civ.P. 12(b)(6). (Docket entry no. 16).

On January 11, 2010, Niblack filed a supplemental Complaint (docket entry no. 21), adding defendants, NJDOC Commissioner

[1] Niblack filed a motion for reconsideration of this Court's Opinion and Order. The motion for reconsideration was denied by Opinion and Order dated March 24, 2010. (Docket entry nos. 41 and 42).

George Hayman, Northern State Prison Administrator Larry Glover, Associate Administrator Bruce Sapp, Business Office Manager Bruce Brooks, and Business Office Assistant, Rosella Smith, at Northern State Prison. Niblack alleges that these defendants wrongfully deprived him of his protected interest in the money in plaintiff's prison account by taking more than 20% of the balance in his prison account to pay his filing fees, as directed by Court Order, while Niblack was confined at Northern State Prison. (See Supplemental Complaint, at ¶¶ 13-36, Docket entry no. 21). The supplemental Complaint does not assert any additional claims against defendants Albino, Labonne and Ott.

Also on January 11, 2010, Niblack filed a motion for preliminary injunction. (Docket entry no. 22). He seeks immediate injunctive relief to stop the named defendants at Northern State Prison from deducting more than 20% of plaintiff's prison account balance to pay his filing fee for this action, which has prevented plaintiff from obtaining certain hygiene products, food and other necessities. (Id.). There are no allegations against defendants, Albino, Labonne and Ott with respect to plaintiff's motion for a preliminary injunction.

On February 1, 2010, Niblack filed an opposition to defendants' motion for partial dismissal of the Complaint. (Docket entry no. 31). Defendants filed a reply brief on February 16, 2010. (Docket entry no. 32).

## II. DISCUSSION

### A. Standard of Dismissal Under Rule 12(b)(6)

In addressing a motion to dismiss a complaint under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008). At this stage, a "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'that the 'pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

### B. Official Capacity Claim

The Court will dismiss the Complaint insofar as it asserts any claims against the individual defendants, Albino, Labonne and

Ott, in their official capacities. The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Thus, based on the doctrine of sovereign immunity, states cannot be sued in federal court, unless Congress has abrogated that immunity or the State has waived it. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989).

Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). This immunity extends to state agents or officials when the "action is in essence one for the recovery of

money from the state, the state is the real, substantial party in interest and is entitled to sovereign immunity from suit even though individual officials are nominal defendants." Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 431 (1997). Section 1983 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979). Therefore, "[a]s a matter of law, suits against individuals acting in their official capacities are barred by the Eleventh Amendment." Holland v. Taylor, 604 F. Supp.2d 692, 699 (D. Del. 2009). See also Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002).

Here, the action against Albino, Labonne and Ott, is essentially one against the state, since these defendants are alleged to have acted in their official capacities. Further, there is no indication here that either abrogation or waiver is applicable to Niblack's claims. Therefore, sovereign immunity works to bar the federal claims in this suit against defendants, Albino, Labonne and Ott in their official capacities. Title 28 U.S.C. § 1915(e)(2)(B)(iii) requires this Court to dismiss the claims if they "seek[ ] monetary relief from a defendant who is immune from such relief."

Beyond sovereign immunity, the § 1983 Complaint is invalid against the defendants because these defendants, in their official capacities, are not "persons" under § 1983. See Quern v. Jordan, 440 U.S. 332, 345 (1979)("[A] state is not a 'person'

for purposes of 42 U.S.C. § 1983.”); Hafer v. Melo, 502 U.S. 21, 25 (1991)(“Suits against state officials in their official capacity ... should be treated as suits against the state.”). See Hussein v. New Jersey, Civil No. 09-1291 (JBS), 2010 WL 376609, at *4 (Jan. 26, 2010) (dismissing a Section 1983 claim against the State of New Jersey and Corzine as the state and state officials in their official capacities are not persons for Section 1983 purposes).

Niblack opposes the motion for partial dismissal of the complaint against defendants in their official capacities on the ground that he may “sue a state official in his official capacity for injunctive relief to force the State or state agency for whom the official works to obey the Constitution,” citing Pennhurst, 465 U.S. at 102-05 and Ex parte Young, 209 U.S. 123, 160 (1908). (See Plaintiff’s Opposition letter at page 2, Docket entry no. 31). However, the Complaint, amended Complaint and the supplemental Complaint filed by Niblack in this action all fail to seek injunctive relief applicable to the defendants, Albino, Labonne and Ott.

Moreover, Niblack cannot now amend his Complaint to seek injunctive relief against these defendants because he is no longer confined at Southern State Correctional Facility, where the alleged retaliation claims asserted occurred. Indeed, Niblack had been transferred to Northern State Prison at the

beginning of this action, and has since been released on parole in April 2010. (See Notice of change of address, Docket entry no. 52). A prisoner lacks standing to seek injunctive and declaratory relief if he is no longer subject to the alleged conditions. See Abdul-Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981).

Therefore, the Court will grant defendants' motion to partially dismiss the Complaint against defendants, Albino, Labonne and Ott, in their official capacities, pursuant to Fed.R.Civ.P. 12(b)(6).

## III. CONCLUSION

Therefore, for the reasons set forth above, defendants' motion for partial dismissal of the Complaint will be granted, and the claims against defendants' Albino, Labonne and Ott, in their official capacities will be dismissed with prejudice. An appropriate order follows.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: September 28, 2010