**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


STANLEY L. NIBLACK,            :
                               :  Civil Action No. 09-428 (RBK)
            Plaintiff,         :
                               :
                               :
            v.                 :  OPINION
                               :
CHARLES ALBINO, et al.,        :
                               :
            Defendants.        :
```

**APPEARANCES:**

    STANLEY L. NIBLACK, Plaintiff pro se
    204 Stevenson Avenue
    Edgewater Park, New Jersey 08010

    DANIEL MICHAEL VANNELLA, ESQ.
    NEW JERSEY DIVISION OF LAW
    R.J. Hughes Justice Complex
    25 Market Street, P.O. Box 112
    Trenton, New Jersey 08625
    Counsel for Defendants

**KUGLER**, District Judge

THIS MATTER comes before the Court on the motion (Docket entry no. 22) of plaintiff, Stanley L. Niblack, for a preliminary injunction and/or protective order. Defendants filed a brief in opposition to plaintiff's motion on or about February 1, 2010. (Docket entry no. 28). Plaintiff filed a reply brief in support of his motion on February 16, 2010. (Docket entry no. 35). This matter is being considered on the papers pursuant to Fed.R.Civ.P. 78. For the reasons set forth below, plaintiff's motion is denied.

I.  BACKGROUND

On or about January 30, 2009, plaintiff, Stanley L. Niblack ("Niblack"), filed a civil rights Complaint, pursuant to 42 U.S.C. § 1983, against the following defendants: Charles Albino, Administrator of the Southern State Correctional Facility ("SSCF"); George Hayman, Commissioner of the New Jersey Department of Corrections ("NJDOC"); Governor Jon Corzine; Sgt. Lewis; Officer R. Smith; Officer Weinstein; Officer Ott; Officer Labonne; Officer J. Camp; Officer Henry; Nurse Michelle; and Sgt./Lt. John Doe, all employed at the SSCF. (Complaint, Caption, ¶¶ 1-12). On or about March 20, 2009, Niblack filed an amended Complaint naming additional defendants as follows: Grace Rogers, Administrator at Central Reception and Assignment Facility ("CRAF"); Dunlap Pryor, Administrator at CRAF; Larry Glover, Administrator at Northern State Prison ("NSP"); and Robert Paterson, Director, NJDOC Division of Operations.

Niblack essentially brought this action to correct his prison classification score. He alleged that the incorrect classification score had caused him to lose parole status. This claim was dismissed in an Opinion and Order issued by this Court on August 10, 2009. (Docket entry nos. 4 and 5). The Complaint also alleged claims of harassment by defendants Nurse Michelle, Officers Henry, Weinstein, Smith and Camp, and Sgt./Lt. John Doe. The Court found that Niblack's allegations amounted to mere

verbal harassment that was insufficient to state a cognizable claim under the Eighth Amendment.  Accordingly, the Complaint was dismissed in its entirety as against these defendants, by this Court's August 10, 2009 Opinion and Order.  The Complaint also was dismissed as against defendants Governor Corzine and New Jersey Department of Corrections ("NJDOC") Commissioner Hayman, in the same August 10, 2009 Opinion and Order, because there were no allegations to show that these supervisory officials had any personal involvement or knowledge of the alleged wrongful conduct by the other defendants.  However, the Court did allow the Complaint to proceed against defendants, Charles Albino, Officer Labonne and Officer Ott with respect to a claim of retaliation.  (See August 10, 2009 Opinion, at pp. 14-18, Docket entry no. 4).[1]

On January 11, 2010, Niblack filed a supplemental Complaint (docket entry no. 21), adding defendants, NJDOC Commissioner George Hayman, Northern State Prison Administrator Larry Glover, Associate Administrator Bruce Sapp, Business Office Manager Bruce Brooks, and Business Office Assistant, Rosella Smith, at Northern State Prison.  Niblack alleges that these defendants wrongfully deprived him of his protected interest in the money in plaintiff's prison account by taking more than 20% of the balance

---

[1] Niblack filed a motion for reconsideration of this Court's Opinion and Order.  The motion for reconsideration was denied by Opinion and Order dated March 24, 2010.  (Docket entry nos. 41 and 42).

3

in his prison account to pay his filing fees, as directed by Court Order, while Niblack was confined at Northern State Prison. (See Supplemental Complaint, at ¶¶ 13-36, Docket entry no. 21).

Also on January 11, 2010, Niblack filed this motion for preliminary injunction. (Docket entry no. 22). He seeks immediate injunctive relief to stop the named defendants at Northern State Prison from deducting more than 20% of plaintiff's prison account balance to pay his filing fee for this action, which has prevented plaintiff from obtaining certain hygiene products, food and other necessities. (Id.).

Defendants filed a brief in opposition to plaintiff's motion for preliminary injunction on the grounds that plaintiff fails to meet any of the requirements for preliminary injunctive relief. Plaintiff filed a reply in support of his motion on February 16, 2010.

On April 28, 2010, the Court received from plaintiff a Notice of Change of Address, indicating that he was released on parole in or about April 2010. Consequently, Niblack is no longer confined at Northern State Prison.

## II.   DISCUSSION

To secure the extraordinary relief of a preliminary injunction or temporary restraining order ("TRO"), plaintiff must demonstrate that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the

4

injunction will not result in irreparable harm to the defendants]; and (4) granting the injunction is in the public interest." Maldonado v. Houston, 157 F.3d 179, 184 (3d Cir. 1998), cert. denied, 526 U.S. 1130 (1999)(as to a preliminary injunction); see also Ballas v. Tedesco, 41 F. Supp.2d 531, 537 (D.N.J. 1999) (as to temporary restraining order).  A plaintiff must establish that all four factors favor preliminary relief. Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187 (3d Cir. 1990).  The standards for a permanent injunction are essentially the same as for a preliminary injunction, except that the plaintiff must show actual success on the merits, not a likelihood of success, to obtain a permanent injunction.  See University of Texas v. Camenisch, 451 U.S. 390, 392 (1981).

   Plaintiff's request for a preliminary injunction pertains only to the continued deductions from his prison account statement that has left him without funds for hygiene products, food and other necessities while confined at Northern State Prison.  However, a prisoner lacks standing to seek injunctive and declaratory relief if he is no longer subject to the alleged conditions.  See Abdul-Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981).  Because Niblack has been released on parole and is no longer confined at

Northern State Prison, his motion for preliminary injunctive relief must be denied as moot.

### III.  CONCLUSION

Therefore, for the reasons set forth above, plaintiff's motion for a preliminary injunction and/or protective order will be denied.  An appropriate order follows.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: September 28, 2010