<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

STANLEY L. NIBLACK,                    :
                                       :   Civil Action No. 09-428 (RBK)
            Plaintiff,                 :
                                       :
                                       :
            v.                         :   **OPINION**
                                       :
CHARLES ALBINO, et al.,                :
                                       :
            Defendants.                :


**APPEARANCES:**

        STANLEY L. NIBLACK, Plaintiff <u>pro se</u>
        204 Stevenson Avenue
        Edgewater Park, New Jersey 08010

        DANIEL MICHAEL VANNELLA, ESQ.
        NEW JERSEY DIVISION OF LAW
        R.J. Hughes Justice Complex
        25 Market Street, P.O. Box 112
        Trenton, New Jersey 08625
        Counsel for Defendants

**KUGLER**, District Judge

        THIS MATTER comes before the Court on the motion (Docket

entry no. 58) of defendants, Charles Albino, Brian Labonne,

Edward Ott and Bruce Sapp, for an Order partially dismissing

Plaintiff's supplemental Complaint for failure to state a claim

upon which relief may be granted, pursuant to <u>Fed.R.Civ.P.</u>

12(b)(6).  Plaintiff filed an opposition brief to defendants'

motion on or about May 25, 2010.  (Docket entry no. 64).

Defendant's filed a reply letter brief in support of their motion

on May 28, 2010.  (Docket entry no. 65).   This matter is being

considered on the papers pursuant to Fed.R.Civ.P. 78.  For the
reasons set forth below, defendants' motion is granted.

## I.   BACKGROUND

On or about January 30, 2009, plaintiff, Stanley L. Niblack
("Niblack"), filed a civil rights Complaint, pursuant to 42
U.S.C. § 1983, against the following defendants: Charles Albino,
Administrator of the Southern State Correctional Facility
("SSCF"); George Hayman, Commissioner of the New Jersey
Department of Corrections ("NJDOC"); Governor Jon Corzine; Sgt.
Lewis; Officer R. Smith; Officer Weinstein; Officer Ott; Officer
Labonne; Officer J. Camp; Officer Henry; Nurse Michelle; and
Sgt./Lt. John Doe, all employed at the SSCF.  (Complaint,
Caption, ¶¶ 1-12).  On or about March 20, 2009, Niblack filed an
amended Complaint naming additional defendants as follows: Grace
Rogers, Administrator at Central Reception and Assignment
Facility ("CRAF"); Dunlap Pryor, Administrator at CRAF; Larry
Glover, Administrator at Northern State Prison ("NSP"); and
Robert Paterson, Director, NJDOC Division of Operations.

Niblack essentially brought this action to correct his
prison classification score.  He alleged that the incorrect
classification score had caused him to lose parole status.  This
claim was dismissed in an Opinion and Order issued by this Court
on August 10, 2009.  (Docket entry nos. 4 and 5).  The Complaint
also alleged claims of harassment by defendants Nurse Michelle,

Officers Henry, Weinstein, Smith and Camp, and Sgt./Lt. John Doe.
The Court found that Niblack's allegations amounted to mere
verbal harassment that was insufficient to state a cognizable
claim under the Eighth Amendment.  Accordingly, the Complaint was
dismissed in its entirety as against these defendants, by this
Court's August 10, 2009 Opinion and Order.  The Complaint also
was dismissed as against defendants Governor Corzine and New
Jersey Department of Corrections ("NJDOC") Commissioner Hayman,
in the same August 10, 2009 Opinion and Order, because there were
no allegations to show that these supervisory officials had any
personal involvement or knowledge of the alleged wrongful conduct
by the other defendants.  However, the Court did allow the
Complaint to proceed against defendants, Charles Albino, Officer
Labonne and Officer Ott with respect to a claim of retaliation.
(See August 10, 2009 Opinion, at pp. 14-18, Docket entry no. 4).[1]

On December 22, 2009, the remaining defendants, Albino,
Labonne and Ott, filed a motion to partially dismiss the
Complaint against them in their official capacities, pursuant to
Fed.R.Civ.P. 12(b)(6).  (Docket entry no. 16).  This Court
granted defendants' motion by Opinion and Order entered on
September 28, 2010.  (Docket entry nos. 83 and 84).

---

[1]  Niblack filed a motion for reconsideration of this
Court's Opinion and Order.  The motion for reconsideration was
denied by Opinion and Order dated March 24, 2010.  (Docket entry
nos. 41 and 42).

On January 11, 2010, Niblack filed a supplemental Complaint (docket entry no. 21), adding defendants, NJDOC Commissioner George Hayman, Northern State Prison Administrator Larry Glover, Associate Administrator Bruce Sapp, Business Office Manager Bruce Brooks, and Business Office Assistant, Rosella Smith, at Northern State Prison.  Niblack alleges that these defendants wrongfully deprived him of his protected interest in the money in plaintiff's prison account by taking more than 20% of the balance in his prison account to pay his filing fees, as directed by Court Order, while Niblack was confined at Northern State Prison. (See Supplemental Complaint, at ¶¶ 13-36, Docket entry no. 21).[2] The supplemental Complaint incorporated all then existing retaliation claims previously asserted against defendants Albino, Labonne and Ott.

On May 11, 2010, defendants filed a motion to partially dismiss the supplemental Complaint for failure to state a claim. (Docket entry no. 58).  Specifically, defendants seek to dismiss with prejudice plaintiff's official capacity claims against defendants Albino, Ott and Labonne.  The motion also seeks to

_____

[2]  Also on January 11, 2010, Niblack filed a motion for preliminary injunction.  (Docket entry no. 22).  Niblack sought immediate injunctive relief to stop the named defendants at Northern State Prison from deducting more than 20% of plaintiff's prison account balance to pay his filing fee for this action, which has prevented plaintiff from obtaining certain hygiene products, food and other necessities.  (Id.).  This motion was denied by Opinion and Order of this Court on September 28, 2010. (Docket entry nos. 85 and 86).

dismiss the supplemental Complaint as against defendant Sapp because it is impermissibly based on a theory of respondeat superior.  Finally, the motion asserts that the Eighth Amendment claims asserting cruel and unusual punishment must be dismissed for failure to state a claim.

Niblack filed an opposition brief on May 25, 2010.  (Docket entry no. 64).  He claims that defendant Sapp exhibited personal involvement by signing plaintiff's grievance forms, and that defendants Albino, Ott and Labonne waived their Eleventh Amendment immunity under the New Jersey Tort Claims Act.

On May 28, 2010, defendants filed a letter reply, stating that the New Jersey Tort Claims Act is not applicable here as all of Niblack's claims are based on alleged federal constitutional violations.  (Docket entry no. 65).

## II.  DISCUSSION

### A.  Standard of Dismissal Under Rule 12(b)(6)

In addressing a motion to dismiss a complaint under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008). At this stage, a "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is

plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'that the 'pleader is entitled to relief.'"  Iqbal, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

B.  Official Capacity Claim

The Court will dismiss the supplemental Complaint insofar as it asserts any claims against the individual defendants, Albino, Labonne and Ott, in their official capacities.  The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."  As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself

6

or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Thus, based on the doctrine of sovereign immunity, states cannot be sued in federal court, unless Congress has abrogated that immunity or the State has waived it.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989).

Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  This immunity extends to state agents or officials when the "action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to sovereign immunity from suit even though individual officials are nominal defendants."  Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 431 (1997).  Section 1983 does not override a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).  Therefore, "[a]s a matter of law, suits against individuals acting in their official capacities are barred by the Eleventh Amendment."  Holland v. Taylor, 604 F. Supp.2d 692, 699 (D. Del.  2009).  See also Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002).

Here, the action against Albino, Labonne and Ott, is essentially one against the state, since these defendants are alleged to have acted in their official capacities.  Further, there is no indication here that either abrogation or waiver is applicable to Niblack's claims.  Niblack's assertion that the New Jersey Tort Claims Act operates to waive Eleventh Amendment sovereign immunity is without legal or factual basis, insofar as the claims asserted against these individual state defendants are based on alleged federal constitutional violations.  Therefore, sovereign immunity works to bar the federal claims in this suit against defendants, Albino, Labonne and Ott in their official capacities.  Title 28 U.S.C. § 1915(e)(2)(B)(iii) requires this Court to dismiss the claims if they "seek[ ] monetary relief from a defendant who is immune from such relief."

Beyond sovereign immunity, the § 1983 Complaint is invalid against the defendants because these defendants, in their official capacities, are not "persons" under § 1983.  See Quern v. Jordan, 440 U.S. 332, 345 (1979)("[A] state is not a 'person' for purposes of 42 U.S.C. § 1983."); Hafer v. Melo, 502 U.S. 21, 25 (1991)("Suits against state officials in their official capacity ... should be treated as suits against the state.").  See Hussein v. New Jersey, Civil No. 09-1291 (JBS), 2010 WL 376609, at *4 (Jan. 26, 2010) (dismissing a Section 1983 claim against the State of New Jersey and Corzine as the state and

state officials in their official capacities are not persons for Section 1983 purposes).

Niblack also opposes the motion for partial dismissal of the supplemental Complaint against defendants in their official capacities on the ground that he may "sue a state official in his official capacity for injunctive relief to force the State or state agency for whom the official works to obey the Constitution," citing <u>Pennhurst</u>, 465 U.S. at 102-05 and <u>Ex parte Young</u>, 209 U.S. 123, 160 (1908). (<u>See</u> Plaintiff's Opposition letter at page 2, Docket entry no. 31). However, the Complaint, amended Complaint and the supplemental Complaint filed by Niblack in this action all fail to seek injunctive relief applicable to the defendants, Albino, Labonne and Ott.

Moreover, this Court dismissed with prejudice Niblack's claim for injunctive relief (<u>see</u> September 28, 2010 Opinion and Order at Docket entry nos. 85 and 86), because Niblack is no longer confined at Southern State Correctional Facility, where the alleged retaliation claims asserted occurred. Indeed, Niblack had been transferred to Northern State Prison at the beginning of this action, and has since been released on parole in April 2010. (<u>See</u> Notice of change of address, Docket entry no. 52). A prisoner lacks standing to seek injunctive and declaratory relief if he is no longer subject to the alleged

conditions.  See Abdul-Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981).

Therefore, the Court will grant defendants' motion to partially dismiss the supplemental Complaint against defendants, Albino, Labonne and Ott, in their official capacities, pursuant to Fed.R.Civ.P. 12(b)(6).

## C.  Claims Against Defendant Sapp

Next, defendant Sapp seeks to dismiss the supplemental Complaint as against him because it is impermissibly based on a theory of respondeat superior.

As a general rule, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  See Iqbal, 129 S.Ct. at 1948; Monell v. New York City Dept. Of Social Servs., 436 U.S. 658, 691 (1978)(finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); Robertson v. Sichel, 127 U.S. 507, 515-16 (1888)("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of subagents or servants or other persons properly employed by or under him, in discharge of his official duties").  In Iqbal, the Supreme Court held that "[b]ecause vicarious or supervisor liability is inapplicable to

<u>Bivens</u>[3] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Iqbal</u>, 129 S.Ct. at 1948.  Thus, each government official is liable only for his or her own conduct.  The Court rejected the contention that supervisor liability can be imposed where the official had only "knowledge" or "acquiesced" in their subordinates conduct.  <u>Id</u>., 129 S.Ct. at 1949.

Here, in the instant Complaint, there are no allegations of any wrongful conduct with respect to defendant Sapp other than his supervisory capacity as Associate Administrator of Northern State Prison.  Niblack states only that Sapp acquiesced in the percentage taken from his prison account statement by signing a grievance form on December 12, 2009 previously submitted by Niblack after the money had been deducted.  Further, Niblack appears to allege that Sapp had knowledge of alleged denial of personal hygiene products simply because Niblack sent a grievance form to his attention after the fact on December 16, 2009.  As stated above, supervisor liability can not be imposed where the official had only "knowledge" or "acquiesced" in their subordinates conduct.  <u>Iqbal</u>, 129 S.Ct. at 1949.  Accordingly, any § 1983 claim based on supervisor liability, as alleged here

---

[3]   <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971)

in the supplemental Complaint must be dismissed as against defendant Sapp.

D.   Eighth Amendment Claim

Finally, defendants assert that plaintiff's Eighth Amendment claim regarding deprivation of personal hygiene products for two months must be dismissed because such allegations fail to rise to the level of a constitutional deprivation.  Defendants state that Niblack does not allege that he was entitled to receive free "appropriate sanitary/hygiene/grooming items" pursuant to N.J.A.C. 10A:14-2.3(b), as there is no indication that he was deemed indigent to receive free hygiene products.  Further, Niblack does not allege that he lacked access to hygiene products for any period of time.  Thus, Niblack has not shown that he suffered conditions so harsh and restrictive to the extent that such conditions would rise to the level of cruel and unusual punishment in violation of the Eighth Amendment.  See Rhodes v. Chapman, 452 U.S. 337, 346, 349 (1981).

Niblack fails to counter defendants' argument in any appreciable way.  Accordingly, this Court finds that Niblack has failed to state a cognizable claim under the Eighth Amendment as alleged in his supplemental Complaint, and such claim will be dismissed with prejudice accordingly.

III.  <u>CONCLUSION</u>

Therefore, for the reasons set forth above, defendants' motion for partial dismissal of the supplemental Complaint will be granted.  An appropriate order follows.


<u>s/Robert B. Kugler</u>
ROBERT B. KUGLER
United States District Judge

Dated: December 28, 2010